UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILLIAM ACKERMAN, CDP088, Plaintiff, v. LAURIE SMITH, Sheriff, et al., Defendant(s). | Case No. 18-cv-06773-SK (PR) **ORDER OF SERVICE** |

Plaintiff, a pretrial detainee at the Santa Clara County Jail (SCCJ), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking expedited treatment (or release from SCCJ to seek expedited treatment) for a confirmed "large mass growth between [his] intestines and rectal canal." Compl. (ECF No. 6) at 3. Plaintiff alleges that he cannot sit upright or eat solid foods because it is "extremely painful," and that he has lost a "severe amount of weight." Id. Plaintiff specifically seeks "pain meds" and "surgery to remove mass with all proper treatment and care." Id. He names as defendants Santa Clara County Sheriff Laurie Smith and SCCJ Dr. Emily Wilhem.

The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id.

§ 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). But unlike a convicted prisoner who must show subjective intent to punish to prevail on a claim of deliberate indifference to serious medical needs, a pretrial detainee need only show more than negligence but less than subjective intent – something akin to reckless disregard. See id. at 1124-25.

Liberally construed, Plaintiff's allegations appear to state a cognizable § 1983 claim for injunctive relief for deliberate indifference to serious medical needs in violation of the Due Process Clause and will be ordered served on the two named defendants, Santa Clara County Sheriff Laurie Smith and SCCJ Dr. Emily Wilhem. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when seeking injunctive or declaratory relief, plaintiff does not have to establish same narrow causal connection between injuries and responsible defendant as when seeking damages from individual).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the operative complaint in this matter (ECF No. 6) and all attachments thereto, (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that each defendant consent or decline to consent within 28 days of receipt of service), and (3) a copy of this order on the two named defendants: Santa Clara County Sheriff Laurie Smith (55

2

West Younger Avenue, San Jose, CA 95110-1721) and Dr. Emily Wilhem (Elmwood Facility, 701 South Abel Street, Milpitas, CA 95035). The clerk also shall serve a copy of this order on plaintiff.

    2. In order to expedite the resolution of this case, the court orders as follows:

        a. No later than 60 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If defendants believe that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

        b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

3

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

        d.       Defendants must serve and file a reply to an opposition not more than 14

4

1    days after the opposition is served and filed.

2            e.       The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.  All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: December 6, 2018

_____
SALLIE KIM
United States Magistrate Judge